UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES FUNCHES,
    Petitioner,

vs.                                    Case No.:  3:21cv884/LAC/EMT

M.V. JOSEPH,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Charles Funches (Funches), proceeding pro se, commenced this case on July 5, 2021, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a supporting memorandum (ECF Nos. 1, 1-1).  Respondent Warden Joseph filed a motion to dismiss (ECF No. 10).  The court provided Funches an opportunity to file a response to the motion to dismiss (*see* ECF No. 11), but he has not done so as of the date of this report and recommendation.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C).  After careful consideration of the filings and attachments presented by the parties, it is the opinion of the undersigned that the habeas petition should be dismissed without prejudice.

I.  BACKGROUND

Funches is an inmate of the federal Bureau of Prisons (BOP) currently serving a 120-month sentence imposed by the United States District Court for the Northern District of Texas, Case No. 2:17cr00026-D-BR, for possession with intent to distribute more than 500 grams of methamphetamine (*see* ECF No. 1 at 1; ECF No. 10 at 2). *See United States v. Funches*, Case No. 2:17cr00026-D-BR, Judgment, ECF No. 28 (N.D. Tex. Sept. 15, 2017).

Funches asserts the following claim in his habeas petition:

Ground One:  Under FSA of 2018, "over 60" provision gives relief.

A)  Petitioner is over 50% actually time served w/good time.
B)  Petitioner has been denied educational credit towards time served (FSA)
C)  "Double time" served is also available for COVID-19 lockdown times.

Conclusion:  Petitioner qualifies for "over 65" & 66% time served relief.

(ECF No. 1 at 3 (verbatim)).

Warden Joseph contends the habeas petition should be dismissed without prejudice because Funches failed to exhaust his administrative remedies prior to fling it (ECF No. 10 at 2–5). In support of his exhaustion argument, Warden Joseph submitted a declaration of Janet Gignilliat, the Warden's Secretary and

Case No.:  3:21cv884/LAC/EMT

Administrative Remedy Clerk at FPC-Pensacola, which is Funches' current institution (*see* ECF No. 10-1, Decl. of Janet Gignilliat). Warden Joseph additionally contends Funches' petition should be dismissed as premature because the BOP has until January 2022 to implement the time credit provisions of the First Step Act (FSA) (*id.* at 5–9).

## II.   DISCUSSION

A petitioner seeking relief under § 2241 must first exhaust available administrative remedies. *See Santiago–Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015). To properly exhaust administrative remedies, a petitioner must comply with the applicable agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act).

The Federal Bureau of Prisons (BOP) provides an internal grievance procedure for its inmates (*see* Gignilliat Decl. ¶¶ 4–7, ECF No. 10-1). *See* 28 C.F.R. § 542.10, *et seq*. A federal inmate must "first present an issue of concern informally to staff" who must "attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *See* 28 C.F.R. § 542.13(a). An inmate may

seek formal review of any aspect of imprisonment if less formal procedures do not resolve the matter (Gignilliat Decl. ¶¶ 4–7).

The formal grievance process is a three-tiered process (Gignilliat Decl. ¶¶ 4–7). An inmate first must submit a Request for Administrative Remedy on the BP-9 form to the Warden within 20 days of the incident (*see id.*). *See* 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may submit an appeal on the BP-10 form to the Regional Director within 20 days of the Warden's response (*see* Gignilliat Decl. ¶¶ 4–7). *See* 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he may submit an appeal on the BP-11 form to the General Counsel at the Central Office within 30 days of the Regional Director's response (*see* Gignilliat Decl. ¶¶ 4–7). *See id.*

A Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. *See* 28 C.F.R. § 542.18. Once filed, a response must be made by the Warden within 20 calendar days, by the Regional Director within 30 calendar days, and by the General Counsel within 40 calendar days. *Id.* Staff must respond in writing to all filed Requests and Appeals. *Id.* If the inmate does not receive a response within the time allotted, the inmate may consider the absence of a response to be a denial at that level. *Id.*

The BOP maintains information related to administrative complaints filed by inmates under the Administrative Remedy Program in a national database called "SENTRY" (Gignilliat Decl. ¶¶ 3, 8). One of the many functions of the SENTRY database is to track administrative remedy complaints and appeals filed by inmates (*id.*). SENTRY stores information entered by administrative remedies clerks on the status, progress, and disposition of each remedy filed by an inmate (*id.*). Each filing received is logged into SENTRY (*id.*).

Ms. Gignilliat reviewed SENTRY administrative remedy records regarding Funches' administrative remedy filings (Gignilliat Decl. ¶ 10). SENTRY indicates that as of September 13, 2021, Funches had not filed any administrative remedies with the BOP (*id.*).

Funches admits in his § 2241 petition that he did not present his FSA sentence credit complaint to the BOP (*see* ECF No. 1 at 3). He asserts exhaustion is "futile as no internal guidelines exist" (*id.*).

This leads to Warden Joseph's second argument, i.e., that Funches' claim for sentence credit is unripe (*see* ECF No. 10 at 5–9). The FSA was signed into law on December 21, 2018. Under the FSA, an eligible prisoner "who successfully completes evidence-based recidivism reduction programming or productive

activities" is entitled to earn 10 days of time credits for every 30 days of successful participation in the evidence-based recidivism-reduction programming. 18 U.S.C. § 3632(d)(4)(A)(i). The FSA provided for the development for the framework of evaluation and the framework for the evidence-based recidivism-reeducation programming over a period of several months.

Specifically, within 210 days after the date of enactment of the FSA—i.e., by July 19, 2019—the "Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system." *See* 18 U.S.C. § 3632(a). The FSA required that within the following 180 days—i.e., by January 15, 2020—the BOP complete the risk and needs assessment for each prisoner. *Id.* In the FSA, Congress provided the BOP an additional two years, after it completed the risk and needs assessment for each prisoner, to "phase in" implementation of the program. 18 U.S.C. § 3621(h)(2)(A). Thus, under the FSA, the BOP has until January 2022 to "phase in" implementation of the time credit program. *See Herring v. Joseph*, No. 4:20cv249/TKW/HTC, 2020 WL 3642706, at *1 (N.D. Fla. July 6, 2020). In other words, the statute contemplates a two-year period for the development of programs and the validation of risk assessment tools

but does not require the BOP to truncate that process and begin to award time credits during this "phase in" period. *See id.*; *Stucker v. Strong*, No. 4:21cv11/MW/MJF, 2021 WL 5567437, at *4 (N.D. Fla. Oct. 25, 2021) (internal quotation marks and citation omitted), *adopted*, 2021 WL 5566546 (N.D. Fla. Nov. 29, 2021). Thus the BOP is not required to calculate or apply time credits for participation in evidence-based recidivism-reduction programming until January 15, 2022. *See Herring*, *supra*; *Stucker*, *supra*; *Greene v. Strong*, No. 4:20cv508/MW/MJF, 2021 WL 5762773, at *5 (N.D. Fla. Oct. 20, 2021) *adopted*, 2021 WL 5670429 (N.D. Fla. Dec. 3, 2021); *Blanco v. Joseph*, No. 3:21cv904/LAC/HTC, 2021 WL 4444970, at *2 (N.D. Fla. Aug. 26, 2021), *adopted*, 2021 WL 4440438 (N.D. Fla. Sept. 28, 2021).

III. CONCLUSION

Funches failed to exhaust his administrative remedies prior to filing his § 2241 petition. Additionally, at the time he filed his petition, on July 5, 2021, he had no right to the FSA time credits. Therefore, the habeas petition should be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 10) be **GRANTED**.

Case No.: 3:21cv884/LAC/EMT

2. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED without prejudice**.

3. That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 9<u>th</u> day of December 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**